J-S38005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN E. GRIFFIN | : | |
| | : | |
| Appellant | : | No. 3360 EDA 2017 |

Appeal from the PCRA Order September 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0708072-1987

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 16, 2019**

Brian E. Griffin appeals, *pro se*, from the order entered September 15, 2017, in the Court of Common Pleas of Philadelphia County denying, without a hearing, his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  In this timely appeal,[2] Griffin claims the PCRA court erred in, (1) dismissing his petition without a hearing; (2) denying scientific evidence regarding brain science as meritless; and (3) failing to apply the United States

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In response to the PCRA court's order, Griffin filed a timely concise statement of errors complained of on appeal on November 2, 2017.  On January 14, 2019, the PCRA court issued an opinion.

Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012)[3] and **Montgomery v. Louisiana**, ––– U.S. ––––, 136 S.Ct. 718 (2016).[4]  After a thorough review of the parties' briefs, certified record, relevant law, we affirm.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary.  In 1987, when he was 19 years old, Griffin and an accomplice firebombed a home in Philadelphia, killing one of the residents. On October 31, 1988, following a bench trial, the trial court found him guilty of murder in the first degree, arson, aggravated assault, conspiracy, and possessing an instrument of crime.  The court sentenced him to a mandatory term of life imprisonment without the possibility of parole for murder in the first degree.  In 2012, Griffin filed the instant PCRA petition, his fourth, claiming although he was 19 years old at the time of the crime, and although **Miller** only applies to those defendants who were under the age of 18 at the time of the crime, he should be entitled to relief, as scientifically, his brain was not fully developed.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016)

_____

[3] The **Miller** Court held that mandatory sentences of life imprisonment without parole for minors were unconstitutional, due to the immaturity of a minor's brain development.

[4] The **Montgomery** Court held that the **Miller** decision was entitled to retroactive application on collateral review.

- 2 -

(internal punctuation and citation omitted).  Here, the PCRA court determined, *inter alia*, that Griffin's petition was untimely.  We agree.  A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature.  **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition.  *Id.*

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Griffin's judgment of sentence became final on November 21, 1991, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* before the United States Supreme Court expired.  *See* U.S.Sup.Ct. Rule 13; 42 Pa.C.S.A. § 9545(b)(3).  Therefore, he had until November 21, 1992, to file a timely PCRA petition.  The one before us, filed August 16, 2012,[5] is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies.  *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Here, Griffin contends his petition meets the newly recognized

---

[5] Although Griffin filed his petition in 2012, for reasons that are not apparent from the record, the PCRA court did not take any action on the petition until April 2017.

constitutional right exception, which provides an avenue for relief if the petitioner pleads and proves:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[6] **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Here, Griffin asserts the combination of the U.S. Supreme Court decisions of **Miller** and **Montgomery** satisfies the timeliness exception.

As noted above, Griffin has claimed entitlement to the application of **Miller**/**Montgomery** because, at 19 years old at the time of his crime, his brain had not fully developed as described by the Supreme Court in **Miller**. However, in a recent, *en banc* decision, this Court considered and rejected this very argument. **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*).

In **Lee**, the defendant was 18 years and nine-months old when she was involved in a robbery that resulted in the death of the victim. **Id.** at 3. Relying

---

[6] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

on **Miller**/**Montgomery**, the defendant filed a PCRA petition arguing that she was a "virtual minor" at the time of the crime and "the rationale underlying the **Miller** holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the **Miller** Court, provides support for extending the benefit of **Miller** to her case." **Id.** We disagreed, stating:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 222 (1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." **Id.**
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in **Commonwealth v. Montgomery** [181 A.3d 359 (Pa. Super. 2018)], [**Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016)], and [**Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in Furgess*, **supra** at 94], that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

**Lee**, **supra** at 11 (footnote omitted). Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider Griffin's fourth PCRA petition. Pursuant to **Lee**, we affirm the PCRA court's order denying Griffin relief.

Order affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/16/19</u>